UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANTIAGO SOTO-GARCIA, | ) | CASE NO. 4:25-cv-01787 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN IAN HEALY, | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Santiago Soto-Garcia, a federal inmate presently at FCI Elkton, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1; Doc. 1-2.) He alleges a due process violation resulting from a disciplinary determination and loss of good time credits. (*Id.*) Petitioner asks the Court to expunge the incident report and to restore credits and privileges. (Doc. 1-2 at 16.)[1] For the reasons stated herein, the Petition is DENIED.

I.     BACKGROUND

According to the Petition, on February 14, 2024, an inmate entered Petitioner's cell without permission and physically attacked Petitioner. (Doc. 1-2 at 13.) He responded in self-defense. (*Id.*) On March 27, 2024, Petitioner was given an incident report ("IR") charging him with fighting another person. (Doc. 1-4 at 19.) The next day, Petitioner was advised of his rights before the Detention Hearing Officer ("DHO").[2] (*Id.*)

A disciplinary hearing was held on March 29, 2024. (*Id.*) According to the DHO report

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[2] The DHO Report indicates the initial IR was suspended on March 27, 2024, and remanded to the reporting staff member to clarify the incident. After the IR was amended, Petitioner was issued a copy of the amended IR on March 27, 2024, at 10:00 a.m.

attached to the Petition, Petitioner waived his right to a staff representative and waived his right to witnesses. (*Id.* at 19-20.) He claimed the video footage of the altercation would "clear him" and make witness testimony unnecessary. (Doc. 1-2 at 14.) As documentary evidence, he presented a handwritten statement. (Doc. 1-4 at 19-20.) Petitioner admitted getting into "an altercation." (*Id.* at 21.)

Following the hearing, the DHO concluded that Petitioner committed the prohibited act of fighting another person. (*Id.* at 22.) As a sanction, he lost 27 days of good time, received 14 days in disciplinary segregation, and suffered 180 days of lost privileges. (*Id.*) The DHO report was delivered to the Petitioner on March 29, 2024. (*Id.* at 23.)

Petitioner exhausted his administrative remedies. (*See* Doc. 1-5.) He filed a Regional Administrative Remedy Appeal. (Doc. 1-5 at 24.) His regional appeal was denied on August 9, 2024. (*Id.* at 28.) Petitioner then filed a Central Office Administrative Remedy Appeal. (*Id.*) It was denied on December 4, 2024. (*Id.* at 31.)

Petitioner alleges the DHO violated his due process rights by failing to apply a self-defense analysis, mischaracterizing the evidence, and denying him an opportunity to defend himself. (Doc. 1-2 at 14.) Petitioner also alleges the DHO's decision was not supported by the evidence. (*Id.* at 14-15.)

## II. LAW AND ANALYSIS

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).

Under 28 U.S.C. § 2243, federal district courts must conduct a preliminary review of habeas petitions and dismiss petitions when "it appears from the application that the [petitioner] is not entitled" to relief. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *see also* Rule 4 of the Rules Governing 2254 Cases in the United States District Courts (applicable to 2241 petitions pursuant to Rule 1(b)). No response is required if this screening process reveals "the petition is frivolous, or obviously lacking in merit, or . . . the necessary facts can be determined from the petition itself" without a response. *Allen*, 424 F.2d at 141. *Pro se* habeas petitions are liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A petitioner's constitutional liberty interests are implicated by disciplinary decisions resulting in an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" or that lead to the loss of good time credits. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Due process requires that a prisoner facing a potential loss of good time credits receive (1) "written notice of the claimed violation" at least 24 hours before any hearing; (2) an opportunity, when consistent with institutional safety considerations, "to call witnesses and present documentary evidence in his defense"; and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Damron v. Harris*, No. 21-3877, 2022 U.S. App. LEXIS 20963, 2022 WL 4587625, at *3 (6th Cir. July 28, 2022).

For a disciplinary action to comport with due process, it must be supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). "Some evidence" is "any evidence in the record that could

support the conclusion reached by the disciplinary board." *Id.* at 455-56. In evaluating whether the disciplinary determination was properly supported, the district court does not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. *Id.* at 455.

Petitioner alleges he was denied due process because the DHO failed to apply a self-defense analysis during the hearing, including determining who was the aggressor, whether the inmate's use of force was reasonable, and whether the defending inmate became the aggressor. (Doc. 1-2 at 14 (citing BOP Program Statement 5270.09, § 9.3.12).) Petitioner asserts the DHO mischaracterized the evidence by stating reliance on a staff witness when there were no eyewitnesses. (*Id.*) Petitioner claims the DHO denied him an opportunity to defend himself because his waiver of witnesses was not knowing or voluntary. (*Id.*) Petitioner also alleges the DHO's finding of guilt is unsupported by "some evidence." To Petitioner, the only reliable evidence, the surveillance video depicting the other inmate throwing the first punch, corroborated his self-defense claim. (*Id.* at 14-15.)

Petitioner provided the following as evidentiary support for his petition: BOP Program Statement 5270.09, § 9.3.12 (self-defense criteria); DHO Report, Incident Report No. 3913879; and Administrative Remedy Appeal filings and responses. (Docs. 1-3, 1-4, 1-5.) These records establish Petitioner received written notice of the alleged violations on March 27, 2024. (Doc. 1-4 at 19.) The disciplinary hearing was held two days later. (*Id.*) In his defense, Petitioner presented a handwritten statement as documentary evidence. (*Id.* at 19-20.) He waived his right to present witnesses, stating he was relying on the video evidence to exonerate him. (Doc. 1-2 at 14.) On March 29, 2024, Petitioner received the DHO report. (Doc. 1-4 at 23.) This report detailed the factfinder's evidentiary conclusions and reasons why the disciplinary action was

taken. (*Id.* at 20-22.) These steps fully comport with due process. *See Wolff*, 418 U.S. at 563-67.

As for the DHO's ultimate determination that Petitioner fought with an inmate, this determination is supported by the evidence. The DHO considered the reporting staff member's written statement that another inmate entered Petitioner's cell and the two engaged in an altercation. (Doc. 1-4 at 21.) The staff member reviewed the CCTV footage revealing "multiple closed fist strikes being thrown inside the cube," with the other inmate exiting the cube with a visible eye injury and limping. (*Id.*) The reporting staff member also reviewed medical assessments of the other inmate and Petitioner, which included injuries to Petitioner's face and the other inmate's head, face, arm, and hands. (*Id.* at 21-22.) The DHO also considered the following: (1) Petitioner's statement during the DHO hearing, admitting "I got into a physical altercation"; (2) Petitioner's statement during the Unit Disciplinary Committee Hearing in which Petitioner declined to comment; (3) photographs depicting the other inmate after being in a physical altercation with Petitioner; (4) the Health Services Clinical Encounter for the other inmate noting the inmate's extensive injuries to his face, head, arm, and hands, and including the inmate's statements that "[s]omeone's fist repeatedly hit my face"; (5) the Health Service Clinical Encounter for Petitioner that included Petitioner's statement, "I don't know what they are talking about, nothing happened"; and (6) the CCTV footage from the date of the altercation showing Petitioner and the other inmate "exchanging closed [fist] punches to the head and torso area . . . ." (*Id.*)

Accordingly, the record demonstrates that Petitioner's hearing complied with the basic requirements of due process. As required, the record establishes "some evidence" supported the DHO's finding that Petitioner was guilty of fighting with another person. While Petitioner

argues that the DHO failed to consider his claim of self-defense, this disagreement is a challenge to the DHO's determination, assessment of witness credibility, and urges this Court to reweigh the evidence considered at the disciplinary hearing. This the Court cannot do. *Hill*, 472 U.S. at 455-56.

### III. CONCLUSION

For these reasons stated herein, the Petition is DENIED and this action DISMISSED pursuant to 28 U.S.C. § 2243. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** December 16, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE